OSCN Found Document:STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CALLICOAT

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 STATE ex rel. OKLAHOMA BAR ASSOCIATION v. CALLICOAT
2016 OK 31
Case Number: SCBD-6359
Decided: 03/09/2016
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2016 OK 31, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant
v.
Fred Bennett Callicoat Respondent.

ORDER APPROVING RESIGNATION FROM OKLAHOMA BAR ASSOCIATION PENDING DISCIPLINARY PROCEEDINGS AND WAIVING COSTS

Upon consideration of Complainant Oklahoma Bar Association's (Bar Association) application for an order approving the Resignation Pending Disciplinary Proceedings executed by Respondent, Fred Bennett Callicoat, the application reveals:

(1) Respondent, Fred Bennett Calicoat, OBA #18519, was admitted to membership in the Oklahoma Bar Association on January 10, 2000. His official OBA roster address is 10203 S. Oswego Place, Tulsa, OK 74103. On February 25, 2015, Respondent executed a Diversion Program Agreement. On January 30, 2016, he submitted his affidavit regarding resignation from membership in the Bar Association pending investigation of disciplinary proceedings.

(2) Respondent's affidavit of resignation reflects that he desires to resign and: a) it is freely and voluntarily rendered; b) he is not subject to coercion or duress; c) he is fully aware of the consequences of submitting the resignation; and d) he is aware the resignation is subject to the approval of the Supreme Court. He also intends the effective date of the resignation to be the date and time of its execution and will conduct his affairs accordingly.

(3) Respondent's affidavit states he is aware the Oklahoma Bar Association has investigated specific allegations of professional misconduct to wit:

Complaint 1 - Brians' Grievance

Kayce R. Brians alleges neglect of the client's adversarial bankruptcy proceeding and a failure to earn the $1,500.00 fee paid to Respondent. Following investigation of this grievance, Respondent executed a Diversion Program Agreement.

(4) While enrolled in the Diversion Program, complaints 2-15 were received by the Office of the General Counsel for the Oklahoma Bar Association and were under investigation.

Complaint 2 - Lewis' Grievance

Brenda Lewis alleges that Respondent neglected her bankruptcy case and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 3 - Johnson's Grievance

Rochelle Johnson alleges that Respondent neglected and abandoned her bankruptcy case, despite receiving a $1,500.00 fee, and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 4 - Bennett's Grievance

Michael Bennett alleges that Respondent failed to prepare a contract for the sale of Bennett's land, failed to earn his retainer, and failed to communicate with him. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 5 - Thornton's Grievance

Byrder Maye Thornton alleges that Respondent neglected and abandoned her bankruptcy case, despite receiving a $1,300.00 fee, and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 6 - Goins' Grievance

Sean Goins alleges that Respondent neglected and abandoned his bankruptcy case, despite receiving a $1,500.00 fee, and failed to communicate with him regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 7 - Haddox's Grievance

Andrea Haddox alleges that Respondent neglected and abandoned her bankruptcy case, despite receiving a $1,500.00 fee, and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 8 - Brown's Grievance

John Brown alleges that Respondent neglected and abandoned his civil matter, despite receiving a $1,200.00 fee, and failed to communicate with him regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 9 - Cooper's Grievance

Paul Cooper alleges that Respondent neglected and abandoned his bankruptcy case, despite receiving a $1,800.00 fee, and failed to communicate with him regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information. The investigator and the process server could not locate Respondent until December 1, 2015.

Complaint 10 - Capers' Grievance

Shaeina Capers alleges that Respondent neglected and abandoned her bankruptcy case, despite receiving a $635.00 fee, and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information.

Complaint 11 - Barrett's Grievance

Jeanie Barrett alleges that Respondent neglected and abandoned her small claims case, despite receiving a $800.00 fee, and failed to communicate with her regularly. During the Bar Association's investigation of this matter, Respondent failed to respond to its requests for information.

Complaint 12 - Tran's Grievance

Son Tran alleges that Respondent neglected and abandoned the client's bankruptcy case and appeal of the civil judgment, despite receiving a $4,900.00 fee, and failed to communicate with her regularly. The Bar Association has not completed its investigation of this matter.

Complaint 13 - Czubkowski's Grievance

Ester Czubkowski alleges that Respondent neglected and abandoned her case, despite receiving a $1,500.00 fee, and failed to communicate with her regularly. The Bar Association has not completed its investigation of this matter.

Complaint 14 - Martin's Grievance

Charles Martin alleges that Respondent neglected and abandoned his bankruptcy case, despite receiving a $1,800.00 fee, and failed to communicate with him regularly. The Bar Association has not completed its investigation of this matter.

Complaint 15 - Williams' Grievance

Amie Williams alleges that Respondent neglected and abandoned her bankruptcy case, despite receiving a $1,600.00 fee, and failed to communicate with her regularly. The Bar Association has not completed its investigation of this matter.

(5) Respondent is aware that the allegations against him would constitute violations of the Rules Governing Disciplinary Proceedings (RGDP), the Oklahoma Rules of Professional Conduct, and his oath as an attorney.

(6) Respondent waives any and all rights to contest the allegations.

(7) Respondent is aware that, pursuant to Rule 8.1, RGDP, either the approval or disapproval of his resignation is within the discretion of the Supreme Court of Oklahoma.

(8) Respondent has agreed to comply with all provisions of Rule 9.1, RGDP, within twenty (20) days following the date of his resignation.

(9) Respondent acknowledges and agrees that he may be reinstated to the practice of law only upon full compliance with the conditions and procedures prescribed by Rule 11, RGDP, and that he may make no application for reinstatement prior to the expiration of five years from the effective date of this Order Approving Resignation Pending Disciplinary Proceedings.

(10) Respondent acknowledges that, as a result of his conduct, the Client Security Fund may receive claims from his former clients. He agrees that should the Oklahoma Bar Association approve and pay such Client Security Fund claims, he will reimburse the fund the principal amounts and the applicable statutory interest prior to the filing of any application for reinstatement.

(11) Respondent has surrendered his Bar membership card to the Office of the General Counsel with his resignation.

(12) Respondent acknowledges and agrees to cooperate with the Office of the General Counsel in the task of identifying any active client cases wherein documents and files need to be returned or forwarded to new counsel, and in any client case where fees or refunds are owed by Respondent.

(13) Respondent acknowledges that the OBA has incurred minimal costs in its investigation of the disciplinary complaints and the OBA is not seeking the reimbursement of any costs at this time.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the name of Fred Bennett Callicoat be stricken from the roll of attorneys. Since resignation pending disciplinary proceedings is tantamount to disbarment, Respondent Callicoat may not make application for reinstatement prior to the expiration of five years from the effective date of this order. Pursuant to Rule 9.1, Respondent shall notify all of his clients having legal business pending with him of his inability to represent them and of the necessity for promptly retaining new counsel. Notification shall be given to these clients within twenty days by certified mail. Repayment to the Client Security Fund for any money expended because of the malfeasance or nonfeasance of the attorney shall be one of the conditions of reinstatement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the resignation pending disciplinary proceedings of Respondent Fred Bennett Calicoat is hereby approved. Costs of the proceeding are waived.

DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE the 7th day of March, 2016.

/s/Chief Justice

ALL JUSTICES CONCUR.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 None Found.